NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CHARLES McKEE, ) | |
| ) | Supreme Court No. S-16954 |
| Appellant, ) | |
| ) | Alaska Workers' Compensation |
| v. ) | Appeals Commission No. 17-006 |
| ) | |
| ALASKA FUNCTIONAL FITNESS, ) | MEMORANDUM OPINION |
| LLC and OHIO CASUALTY ) | AND JUDGMENT[*] |
| INSURANCE COMPANY, ) | |
| ) | No. 1712 – February 13, 2019 |
| Appellees. ) | |
| ) | |

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Charles McKee, pro se, Anchorage, Appellant. Rebecca Holdiman Miller, Holmes Weddle & Barcott, P.C., Anchorage, for Appellees.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I.     INTRODUCTION

An injured worker assisted by a nonattorney representative entered into a partial settlement of his workers' compensation claim. The settlement did not include medical benefits, leaving open the possibility of a future settlement related to them.

---

[*]     Entered under Alaska Appellate Rule 214.

Shortly after the Alaska Workers' Compensation Board approved the partial settlement the worker tried to set it aside, claiming he had misunderstood it and was under duress when he signed it. He later argued that the parties had in fact reached an agreement about the medical benefits. The Board rejected the worker's attempts to set aside the partial settlement or to enforce the putative medical benefits agreement. The Alaska Workers' Compensation Appeals Commission affirmed the Board's decision. We affirm the Commission's decision.

## II.    FACTS AND PROCEEDINGS

Charles McKee slipped and fell while cleaning shower stalls at Alaska Functional Fitness, LLC, where he worked part-time as a janitor in late December 2014. He did not immediately report the injury and continued working until mid-January 2015. He initially sought treatment with a chiropractor, who returned McKee to work with no restriction in early February.

McKee filed two written workers' compensation claims several weeks apart. A nonattorney representative represented McKee at the time a hearing was scheduled on his claims.[1] Rather than litigate, McKee and his employer mediated and reached a partial settlement.

The parties memorialized their agreement in a partial compromise and release agreement (C&R) on October 21, 2015. McKee initialed every page and signed the document in front of a notary. The partial C&R settled many issues leaving open only future medical benefits. In the agreement, McKee said he would give recommendations about continuing medical care to Alaska Functional Fitness so that it

---

[1]    Beginning in early November 2015 McKee filed documents on his own behalf. His nonattorney representative withdrew in January 2016.

could "obtain a Medicare Set-Aside proposal so a medical settlement can be pursued."[2]

The Board approved the partial C&R on October 27, 2015. Alaska Functional Fitness paid the amounts agreed to in the partial C&R, and McKee cashed the checks. But a few days after the partial C&R was approved, McKee asked the Board to set it aside, alleging he had been "coerced into signing without having full disclosure." McKee alleged the parties had settled medical benefits, making two related arguments about it. He asserted that during the mediation the parties had in fact reached an oral agreement that Alaska Functional Fitness would pay him $113,000 to settle his medical claims but that agreement had not been incorporated into the written C&R.[3] He said he had signed the last page of the partial C&R, which included his notarized signature, before the rest of the settlement was written. He also contended that he later made a written offer to Alaska Functional Fitness to settle his claims for this amount and that a binding contract had been formed when Alaska Functional Fitness failed to respond to the offer. According to McKee, "in silence, you give consent." He provided no evidence that Alaska Functional Fitness had affirmatively agreed to the terms. McKee

---

[2] "A Workers' Compensation Medicare Set-Aside Arrangement . . . is a financial agreement that allocates a portion of a workers' compensation settlement to pay for future medical services related to the workers' compensation injury, illness, or disease. These funds must be depleted before Medicare will pay for treatment related to the workers' compensation injury, illness, or disease." *Workers' Compensation Medicare Set Aside Arrangements*, CTRS. FOR MEDICARE & MEDICAID SERVS., https://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/Workers-Compensation-Medicare-Set-Aside-Arrangements/WCMSA-Overview.html (last visited Dec. 31, 2018). The need for a Medicare set-aside is dependent in part on the person's age; if McKee (now 65) continues to get medical care for his work-related injury, Medicare would be the secondary payer for that treatment. *See* 42 U.S.C. § 1395y(b)(2)(A)(ii) (2012).

[3] This alleged omission was evidently the reason he sought to set the partial C&R aside.

also questioned the need for a Medicare set-aside and made claims for penalties and interest.

Alaska Functional Fitness denied that any agreement had been reached with respect to medical benefits. It argued that it had never accepted McKee's later settlement offers, meaning no contract existed based on those documents; it contended that a Medicare set-aside agreement was necessary to settle medical benefits; it showed it had made timely payment of money due under the partial C&R; and it asked the Board to dismiss with prejudice any claim McKee had made unrelated to ongoing medical benefits, which remained open under the partial C&R.

The Board held a hearing on McKee's claims in November 2016. The Board decided not to set aside the partial C&R because (1) a mistake of fact cannot serve as the basis for setting aside a workers' compensation settlement and (2) there was no evidence of duress. The Board also found that McKee cashed the settlement check and had the assistance of a nonattorney representative at the time of settlement. Turning to the issues related to a possible second contract of settlement, the Board decided no contract had been formed because this court had previously rejected an argument like McKee's and had held that an offeror cannot take away the offeree's right to remain silent without accepting the offer.[4] The Board decided Alaska Functional Fitness owed no penalties, interest, or fees.

McKee appealed to the Commission. The Commission affirmed the Board's decision, agreeing with the Board that (1) as a matter of law, workers' compensation settlement agreements cannot be set aside because of mistake of fact and (2) there was no evidence of duress. The Commission discussed the need for a Medicare

---

[4] The Board also decided it did not have jurisdiction over any tort claim McKee might have included in his workers' compensation claim.

set-aside if the parties tried to settle medical benefits. The Commission agreed no new contract related to medical benefits had been formed. It agreed that the Board had no jurisdiction over any tort claims McKee might be making and that no penalties, interest, or fees were due.

McKee appeals.

## III.   STANDARD OF REVIEW

In an appeal from the Commission, we review the Commission's decision and not the Board's.[5] "We review 'questions of contract formation and interpretation de novo' in the absence of factual disputes."[6] We independently review a Commission decision that substantial evidence supports the Board's findings of fact "by independently reviewing the record and the Board's findings."[7]

## IV.   DISCUSSION

McKee asserts that the Commission erred when it failed to consider the following facts: (1) he rescinded his signature within three days of the partial C&R; (2) he was persuaded to sign it under duress; (3) he was assured that the $113,000, which he contends was the amount discussed in the original mediation that predated the partial C&R, would be memorialized; and (4) Alaska Functional Fitness ignored an offer McKee made.

To the extent McKee is asking that the partial C&R be modified or amended, our prior construction of the Alaska Workers' Compensation Act forecloses

---

[5]      *Humphrey v. Lowe's Home Improvement Warehouse, Inc.*, 337 P.3d 1174, 1178 (Alaska 2014).

[6]      *Bingman v. City of Dillingham*, 376 P.3d 1245, 1247 (Alaska 2016) (quoting *Chilkoot Lumber Co. v. Rainbow Glacier Seafoods, Inc.*, 252 P.3d 1011, 1014 (Alaska 2011)).

[7]      *Humphrey*, 337 P.3d at 1178.

this possibility. We have construed the Act as limiting parties' ability to modify or set aside a workers' compensation settlement agreement because of mistake of fact.[8] Further, McKee accepted the money Alaska Functional Fitness sent him to fulfill its obligation under the partial C&R, and he does not seek more money for the benefits set out in the partial C&R, so it is not clear how he would benefit from setting it aside.

Instead, McKee contends the parties actually reached an agreement about future medical benefits, either during mediation or through his later offers. Because the written partial C&R did not settle medical benefits, the question is whether McKee and Alaska Functional Fitness entered into an enforceable contract about medical benefits consistent with the Act. The answer is that they did not.

Because McKee seeks workers' compensation benefits, the Act rather than the common law determines whether McKee had an enforceable contract with Alaska Functional Fitness about medical benefits.[9] Alaska Statute 23.30.012(a) provides in relevant part, "[A] memorandum of the agreement in a form prescribed by the director shall be filed with the division. Otherwise, the agreement is void for any purpose." The required form for valid agreements is set out in the Board's regulations.[10] Both parties must sign any settlement and the agreement must be in writing.[11] No agreement about

---

[8]     *Olsen Logging Co. v. Lawson*, 856 P.2d 1155, 1159 (Alaska 1993).

[9]     "Standards of contract formation from our common law . . . apply to formation and rescission of workers' compensation settlement contracts *to the extent these standards are not overridden by statute*." *Seybert v. Cominco Alaska Expl.*, 182 P.3d 1079, 1093 (Alaska 2008) (emphasis added). The legislature has the power to modify the common law. *Evans ex rel. Kutch v. State*, 56 P.3d 1046, 1067 (Alaska 2002).

[10]     8 Alaska Administrative Code (AAC) 45.160 (2011).

[11]     8 AAC 45.160(b).

McKee's medical benefits that meets these requirements exists. Any putative agreement about these benefits is thus void.[12] There is no enforceable settlement agreement between McKee and Alaska Functional Fitness about medical benefits.[13]

We agree with the Commission and the Board that McKee failed to present clear and convincing evidence of duress.[14] The Commission also correctly decided the Board lacked jurisdiction to consider any tort claim McKee made[15] and that Alaska Functional Fitness owed no penalties or interest.

## V. CONCLUSION

We AFFIRM the Commission's decision.

---

[12] AS 23.30.012(a).

[13] While we decide this case on statutory grounds, we note that as a general rule under the common law "an offeror has no power to cause the silence of the offeree to operate as an acceptance when the offeree does not intend it to do so." 1 JOSEPH M. PERILLO, CORBIN ON CONTRACTS § 3.19, at 407 (1993); *see also Bingman v. City of Dillingham*, 376 P.3d 1245, 1247-48 (Alaska 2016) (rejecting argument that offeror can unilaterally deprive offeree of "his privilege to remain silent without accepting" (quoting RESTATEMENT (SECOND) OF CONTRACTS § 69 cmt. c (AM. LAW INST. 1981)). There is no evidence that Alaska Functional Fitness intended to accept any of McKee's written offers.

[14] For purposes of setting aside a C&R, the Board has adopted the clear and convincing evidence standard. *Seybert*, 182 P.3d at 1088 n.5 (citing *Blanas v. Brower Co.*, AWCB De. No. 97-0252, at 10-11 (Dec. 9, 1997)).

[15] *See Gunter v. Kathy-O-Estates*, 87 P.3d 65, 69-70 (Alaska 2004) (recognizing that Board's authority is limited to workers' compensation claims).